b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MICHAEL LANTIER,                                          CIVIL DOCKET NO. 1:22-CV-04178
Plaintiff

VERSUS                                                          JUDGE DONALD E. WALTER

TRAVELERS CASUALTY                           MAGISTRATE JUDGE PEREZ-MONTES
INSURANCE CO OF AMERICA ET
AL,
Defendants

---

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Interpleader and Request for Injunctive Relief filed by Intervenor Sangisetty Law Firm ('SLF'). ECF No. 57. No opposition has been filed.

Because this Court lacks subject-matter jurisdiction over SLF's claim in intervention, **IT IS RECOMMENDED** that the Court Order granting the Motion to Intervene (ECF No. 46) be **VACATED**, SLF's Motion to Intervene (ECF No. 45) be **DENIED**, and SLF's claim in intervention (ECF No. 45) be **DISMISSED WITHOUT PREJUDICE**.

Because SLF's request for interpleader is procedurally improper and SLF fails to explain why injunctive relief is warranted, **IT IS FURTHER RECOMMENDED** that the Motion for Interpleader and Request for Injunctive Relief (ECF No. 57) be **DENIED**. To the extent that Motion (ECF No. 57) can be construed as asserting an

interpleader complaint, **IT IS RECOMMENDED** that SLF's interpleader claim(s) be **DISMISSED WITHOUT PREJUDICE**.

## I.    Background

This case involves an insurance claim for damages caused by Hurricane Laura and Hurricane Delta.  ECF No. 1.  At the time Plaintiff Micheal Lantier ('Lantier') filed his Complaint, he was represented by McClenny Moseley and Associates ('MMA').  *Id.*  The Court subsequently terminated MMA as counsel and designated Lantier as a *pro se* litigant.  ECF No. 19.  On November 9, 2023, SLF was enrolled as counsel for Lantier.[1]  ECF No. 21.

On January 7, 2025, Lantier notified the Court that he had settled his claims against Defendant Travelers Indemnity Co. of America ('Travelers').  ECF No. 35.  On February 5, 2025, Travelers filed a Motion to Enforce Settlement, arguing Lantier "is refusing to sign the confidential written settlement agreement . . . ."  ECF No. 37 at 1.  The undersigned convened a status conference to discuss the Motion to Enforce Settlement with the parties.  ECF No. 44.  At that status conference, SLF informed the Court it had been terminated as counsel for Lantier, and Lantier was being represented by "Jason Joy," who was not enrolled as counsel at that time.  *Id.*  SLF subsequently filed an unopposed Motion to Intervene, moving the Court to recognize "its interest in the settlement reached between Defendant and Plaintiff on August 6, 2024."  ECF No. 45 at 2.  The Court granted that motion the next day.  ECF No. 46.

---

[1] Specifically, Ravi Kishan Sangisetty was enrolled.  ECF No. 21.  On February 17, 2025, Amanda Olmsted, Brooke Bond Long, and William Boyles, also from SLF, were enrolled as additional counsel. ECF No. 41.

On May 27, 2025, the Court granted SLF's Motion to Withdraw as Attorney. ECF No. 49. On June 6, 2025, Michael Barcus of Barcus Arenas, PLLC and Of-Counsel with Jason Joy & Associates, PLLC was enrolled as counsel for Lantier. ECF No. 53. On June 20, 2025, Lantier and Travelers filed a Joint Motion to Dismiss with Prejudice, stating they had "settled and compromised all claims arising among them." ECF No. 55. The Court granted that motion and dismissed with prejudice all of Lantier's claims. ECF No. 56.

On July 24, 2025, SLF filed the instant Motion for Interpleader and Request for Injunctive Relief. ECF No. 57. SLF moves the Court to order Jason Joy & Associates, PLLC ('Joy') to "deposit the settlement funds in the registry of the Court immediately, . . . submit its claim for fees and/or expenses, and . . . be permanently enjoined from making any such claims in any other proceeding." *Id.* at 1. SLF argues "the instant dispute is centered around [Joy's] continued manipulation of this process to somehow gain advantage in the overall fee dispute with SLF as well as impact SLF's fee interest in this matter." ECF No. 57-1 at 5.

This matter is now ripe for disposition.

## II.   Law and Analysis

The Court's analysis will proceed in three parts. First, the Court will address whether it has subject-matter jurisdiction over SLF's intervenor claim. While the Court initially granted SLF's Motion to Intervene, *see* ECF No. 46, the Court finds it necessary to revisit that finding given representations made in the Motion for Interpleader and Request for Injunctive Relief. Second, the Court will address

3

whether interpleader is proper in this matter. Finally, the Court will address SLF's request for injunctive relief.

### A. Motion to Intervene

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "Subject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Further, "federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *see also The Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020) ("Every federal court should, on its own, ensure that subject-matter jurisdiction is present."), *as revised* (Sept. 24, 2020).

The party invoking federal jurisdiction bears the burden of proving, by a preponderance of the evidence, that these requirements are satisfied. *See Howery*, 243 F.3d at 919; *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Importantly, subject matter jurisdiction "must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir.1983)).

Rule 24 of the Federal Rules of Civil Procedure provides for intervention of right and permissive intervention. *See* Fed. R. Civ. P. 24(a)-(b). For an intervention of right, the Court must:

permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). For permissive intervention, the Court may allow intervention to anyone who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "A motion to intervene must be served on the parties . . . [,] state the grounds for intervention[,] and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

Here, SLF has failed to meet its burden of establishing subject-matter jurisdiction. At the outset, the Court notes SLF did not set forth an independent jurisdictional basis for intervention. More specifically, he did not clarify whether he seeks intervention of right or permissive intervention and similarly failed to explain the statutory or constitutional basis for jurisdiction. Further, SLF failed to attach to his Motion to Intervene a pleading setting out his claim for intervention. Therefore, SLF failed to comply with the requirements of Rule 24(c).

Without such information, it is difficult, if not impossible, for the Court to ascertain whether it has subject-matter jurisdiction over SLF's claim for intervention. SLF appears to seek intervention of right. *See* ECF No. 45 at 2 (moving this Court to "recognize its interest in the settlement reached between Defendant and Plaintiff

5

on August 6, 2024"). But even making that assumption on SLF's behalf, SLF fails to establish jurisdiction.[2]

Presumably, jurisdiction is alleged to be proper under 28 U.S.C. § 1332.[3] Pursuant to this statute, a district court has jurisdiction of claims between citizens of different states where the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. In its Motion for Interpleader and Request for Injunctive Relief, SLF states, "[t]he fee claimed in this matter is one-third of the gross amount." ECF No. 57-1 at 1. In an email attached to that motion, William Boyles, an SLF attorney, remarks that the parties "settled this [case] for $45,000 at mediation in August." ECF No. 57-3 at 1. Plainly, then, the amount in controversy for the intervention claim (apparently one-third of $45,000) is less than the amount of controversy. *See Caldwell v. Latham Pool Prods. Inc.*, No. 20-CV-833, 2022 WL 993897, at *2 (W.D. La. Mar. 31, 2022) ("The amount in controversy element for the intervention may not be met by pointing to the main dispute. The element must be satisfied with respect to the claim set forth in the proposed complaint in intervention.").

Of course, where a Court has original jurisdiction over at least one claim, it may possess pendent or ancillary jurisdiction over any remaining claims which it would otherwise not have jurisdiction. *See Griffin v. Lee*, 621 F.3d 380, 384 (5th Cir.

---

[2] The Court pretermits a discussion on whether SLF has adequately shown he is entitled to intervention of right. *See Field v. Anadarko Petroleum Corp.*, 35 F.4th 1013, 1017 (5th Cir. 2022) (setting forth the elements for a party to intervene of right). The Court notes, however, that SLF's Motion to Intervene fails to discuss those elements.

[3] SLF identifies no federal statute that would independently confer federal-question jurisdiction.

2010).  The Court's original jurisdiction over Lantier's claims was premised on 28 U.S.C. § 1332.  *See* ECF No. 1.

However, where original jurisdiction is  premised solely on 28 U.S.C. § 1332 "the district courts shall not have supplemental jurisdiction . . . over claims by persons . . . seeking to intervene as plaintiffs under Rule 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b).  SLF intervened as an intervenor plaintiff.  *See Griffin*, 621 F.3d at 384 ("[I]t is more appropriate to align [the intervenor] as a plaintiff with a claim against co-Plaintiff [] as to the amount of attorney's fees owed  . . . ."); *see also Samuels v. Twin City*, 602 F. App'x 209, 210–11 (5th Cir. 2015) (concluding that, as in *Griffin*, "an attorney who had previously represented the plaintiff" was properly aligned as a plaintiff intervenor for "his claim for attorney's fees").  Because the amount in controversy at issue here is less than $75,000.00, SLF's "intervention claim fails to meet the jurisdictional requirements of 28 U.S.C. § 1332." *Vogt v. Wendy's Co.*, No. 23-CV-1091, 2025 WL 445340, at *2 (E.D. La. Feb. 10, 2025).

Accordingly, the Court lacks subject-matter jurisdiction over SLF's intervenor claim and such claim should be dismissed without prejudice.

## B.  Motion for Interpleader

"'Interpleader is a device [that] allows a party in possession of money or property belonging to another to join two or more parties asserting mutually exclusive claims to the property or fund in a single suit, thereby freeing the stakeholder from

7

multiple liability or multiple lawsuits' with respect to the property or fund." *State Farm Life Ins. Co. v. Bryant*, No. 18-CV-1628, 2019 WL 7938266, at \*9 (N.D. Tex. 2019) (quoting *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 363–64 (5th Cir. 1983)). There are two types of interpleader: "rule interpleader" under Rule 22 of the Federal Rules of Civil Procedure and "statutory interpleader" under 28 U.S.C. § 1335. *Auto Parts Mfg. Mississippi, Inc. v. King Const. of Houston, L.L.C.*, 782 F.3d 186, 192 (5th Cir. 2015). They are substantially the same but differ in jurisdictional requirements. *Id.*

Rule 22(a)(1) of the Federal Rules of Civil Procedure allows interpleader by "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." The Fifth Circuit instructs district courts to analyze interpleader actions in two stages, as follows:

> A district court has broad powers in an interpleader action. An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for rule or statutory interpleader have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. If the district court finds that the interpleader action has been properly brought the district court will then make a determination of the respective rights of the claimants.

*Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999).

Because SLF invokes "rule interpleader" under Rule 22 of the Federal Rules of Civil Procedure, *see* ECF No. 57-1 at 5, the Court turns first to whether SLF has satisfied the applicable requirements. SLF argues "there is no dispute that there is a single fund at issue, i.e., the settlement check." *Id.* at 6. SLF further argues the

Court's intervention is necessary to resolve a dispute over those funds. *See id.* However, SLF's request for interpleader is deficient in several important respects.

To begin, Rule 22(a) allows a *plaintiff* to join defendants whose claims "may expose a *plaintiff* to double or multiple liability." Fed. R. Civ. P. 22(a) (emphasis added). Here, SLF, previous counsel for Lantier, alleges a fee dispute between it and current counsel regarding the disbursement of settlement funds. SLF is not a plaintiff in this matter. In any event, SLF does not allege this fee dispute subjects *SLF* to double or multiple liability. SLF further fails to explain how the alleged fee dispute subjects Lantier, the only plaintiff in this matter, to double or multiple liability. Even if SLF were to make that showing, SLF directs the Court to no authority suggesting SLF can file a motion for interpleader on Lantier's behalf. Notably, such a motion would require SLF to name *itself* as a defendant. In sum, SLF's motion is procedurally improper under Rule 22(a). As such, the motion does not comply with the requirements for rule interpleader, and interpleader is not warranted.

The Court further notes it quite likely lacks subject-matter jurisdiction over this claim. Rule 22 interpleader "requires an independent basis for jurisdiction, including complete diversity between the stakeholder plaintiff and the claimant defendants and an amount in controversy exceeding $75,000." *Prudential Ins. Co. of Am. v. Kelly*, No. 25-CV-1160, 2025 WL 2425276, at *1 (W.D. La. Aug. 21, 2025); *see also Noatex Corp. v. King Const. of Houston, LLC*, 864 F. Supp. 2d 478, 482 (N.D. Miss. 2012) ("Rule 22 . . . does not provide an independent basis for jurisdiction; a

9

rule interpleader action must be supported by some other source of jurisdiction, such as 28 U.S.C. § 1331 or 28 U.S.C. § 1332."), *aff'd sub nom. Noatex Corp. v. King Const. of Houston, L.L.C.*, 732 F.3d 479 (5th Cir. 2013).  SLF provides the Court with no facts supporting independent jurisdiction over this claim.  And, as explained more in-depth *supra*, the only facts regarding the amount in controversy suggest this requirement has not been met.  SLF additionally makes no argument as to whether the Court has pendent or ancillary jurisdiction over the proposed interpleader claim.  Therefore, SLF fails to establish that this Court has subject-matter jurisdiction over any proposed interpleader claim.

In sum, SLF's Motion for Interpleader is procedurally improper.  Additionally, SLF fails to establish that this Court would have subject-matter jurisdiction over the proposed interpleader claim.  Accordingly, SLF's Motion for Interpleader should be denied.

## C.  Request for Injunctive Relief

Finally, SLF moves the Court to enjoin Joy from submitting claims for fees and/or expenses "in any other proceeding."  ECF No. 57 at 1.  To receive injunctive relief, the movant generally must show "(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest."  *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572–73

(5th Cir. 1974)); *see also Parker v. Ryan*, 960 F.2d 543, 545 (5th Cir. 1992). Injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors." *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989).

Here, SLF is requesting injunctive relief against a non-party. SLF fails to explain how or why permanent injunctive relief against a non-party to a suit is warranted. SLF additionally fails to discuss any of the relevant factors. Because SLF has not met its burden of establishing its entitlement to an injunction against Joy, SLF's request for injunctive relief should be denied.

## III.    Conclusion

Because this Court lacks subject-matter jurisdiction over SLF's claim in intervention, **IT IS RECOMMENDED** that the Court Order granting the Motion to Intervene (ECF No. 46) be **VACATED**, SLF's Motion to Intervene (ECF No. 45) be **DENIED**, and SLF's claim in intervention (ECF No. 45) be **DISMISSED WITHOUT PREJUDICE**.

Because SLF's request for interpleader is procedurally improper and SLF fails to explain why injunctive relief is warranted, **IT IS FURTHER RECOMMENDED** that the Motion for Interpleader and Request for Injunctive Relief (ECF No. 57) be **DENIED**. To the extent that Motion (ECF No. 57) can be construed as asserting an interpleader complaint, **IT IS RECOMMENDED** that SLF's interpleader claim(s) (ECF No. 57) be **DISMISSED WITHOUT PREJUDICE**.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, February 24, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE